**04-40002**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN -7 P 1:55

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| ROBERT CAREY, | I | |
| Petitioner Pro Se | I | |
| v. | I | Case No. _____ |
| UNITED STATES OF AMERICA, | I | Criminal No. 99-40004-NMG |
| Respondent | I | |

ooOOIOOoo

MOTION MADE PURSUANT TO 28 U.S.C. § 2255

TO VACATE, SET ASIDE AND OR CORRECT A SENTENCE

MEMORANDUM OF LAW

COMES NOW the Defendant & Petitioner Robert Carey, Pro Se, in the above titled appeal of his criminal case, and Submits this Memorandum of Law in support of his Motion made pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside and or Correct his Sentence based upon the following facts and points of law:

I.  FACTS OF THE CASE

It is noteworthy that Petitioenr's co-defendant, Kimberly Powers, was a young female drug addict who lived in the home of Petitioner in a meretricious relationship. Petitioner is crippled and survived upon his Social Security Disability monthly check and because of his physical infirmity was taken advantage of by Ms. Powers who returned his kindness by fabricating numerous drug sales as evidence of Petitioner's involvement in what was essentially her own conspiracy to obtain drugs to support her habit.

Such explanation is necessary to understand why the Jury reached the Decision that they did, and also why they filled-out their "Special Verdict Forms" the way that they did. See Exhibit No. 1, Special VerdictForm for Jury's Deliberations with Composite Answers.

## II. THE FIFTH AMENDMENT CONSTITUTIONAL VIOLATION TO "DUE PROCESS" BY CONVICTION IN VIOLATION OF THE JURY'S SPECIAL VERDICT

The Jury found by its Special Verdict Forms which they filled-out that Petitioner was <u>not</u> responsible for a "conspiracy described herein involved 50 grams or more of a mixture or substance containing a detectable amount of cocaine base..." Conviction and Sentencing of Petitioner on Count One violates his Fifth Amendment "Due Process" rights under the Constitution for Sentencing contrary to Jury's findings.

## III. THE SIXTH AMENDMENT CONSTITUTIONAL VIOLATION AS TO INDICTMENT FOR AN OFFENSE WAS VIOLATED BY CONVICTING AND SENTENCING PETITIONER IN VIOLATION OF THE JURY'S SPECIAL VERDICT

Part II is hereby incorporated, and Petitioner alleges that the conviction and Sentencing of Petitioner for being "involved 50 grams or more of a mixture or substance containing a detectable amount of cocaine base" conspiracy when the Jury specifically found that the concpiracy <u>did not</u> involve 50 grams or more in relationship to the Petitioner's actions was a violation of his Sixth Amendment Constitutional rights to be indicted upon what he was convicted upon. Further, such conviction violates Federal Rule of Criminal Procedure Rule 7 in permitting the indictment to be Amended by allowing Petitioner's conviction for less than"50 grams or more"of drug substance.

2.

Count Five also upon which Petitioner was convicted had alleged a violation of 21 U.S.C. § 941(a)(1) and (b)(1)(B)(iii) in that the offense "involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ..." The Jury convicted Petitioner upon that Count. See Exhibit No. 1, Page 6/6. However, that Offense was used to Sentence Petitioner based upon 43.38 grams of drug rather than the actual amount of 19.7 grams that was involved in that Count according to the trial testimony. However, under Apprendi, Id., since the Jury only found "at least five (5) grams" of drugs, but did not say specifically how much more than five grams they found, the maximum that Petitioner ought to have been able to be Sentenced upon was the Guideline Level that included amounts directly above U.S.S.G. Level with that amount. That Guideline Level is U.S.S.G. § 2D1.1(7) which is "At least 5 G but less than 20 G of Cocaine Base." That is Offense Level 26 rather than the Level 30 that was used to Sentence Petitioner. Based upon Petitioner;s Criminal History Category II, the Guideline Range was increased from a Range of "70-87" months to "108-135" months. Petitioner received a sentence of 108 months imprisonment.

Thus, both Count One and Count Five were increased from the quantities as alleged in the indictment to a greater level which was used to Sentence Petitioner upon his conviction for those counts. Both increases violated his Fifth Amendment "Due Process Rights" under F.R.Cr.P.7 and his Sixth Amendment rights to indictment.

IV. THE ERRORS OF DEFENSE AND APPEAL COUNSELS DELINEATED IN PARTS II AND III REPRESENT VIOLATIONS OF PETITIONER'S SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO HAVE "EFFECTIVE ASSISTANCE OF COUNSEL" AT BOTH THOSE STAGES OF HIS LEGAL PROCESS

The information and averments in Parts II and III are hereby incorporated, and Petitioner states that the failure of both his Sentencing defense counsel and his appeal counsel to raise those points of law and authority at both his Sentencing and upon appeal amount to a Sixth amendment Constitutional violation of his right to "effective assistance of counsel" at those stages of his legal process. See Strickland v. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984).

Apprendi v. New Jersey, Id. had been constitutional law regarding the issues raised in Part II and III, and yet both counsel at Sentencing and appeal counsel did not raise what are obvious Apprendi-type issues. Petitioner was indigent and had no resources for paid counsel, and both counsels were appointed to represent him by the Courts. The failure to raise what is a watershed Supreme Court case regarding Sentencing and "relevant conduct" not found by a Jury "beyond a reasonable doubt" must result in Petitioner's Sentence being corrected to reflect the proper Sentnece based upon both the law and the Jury's findings. Petitioner ought to be Resentenced at no greater than Level 26, and to a Range of bettween 70-87 months and not his current 108 months. Justice demands no less.

4.

Respectfully submitted,

*Robert E. Carey Sr.*
Robert Carey, Sr. Petitioner Pro Se
Federal Registry No. 80161-038
Housing Unit J-A
Federal Medical Center Devens
P. O. Box 879
Ayer, MA 01432

## DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746

I HEREBY DECLARE under penalty of perjury that the facts and information in the attached MOTION MADE PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE AND OR CORRECT A SENTENCE & MEMORANDUM OF LAW is true and correct based upon my best information and belief.

January 2, 2004          *Robert E. Carey Jr.*
                         Robert Carey, Sr., Declarant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that I have mailed an original and copys of the attached MOTION MADE PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE AND CORRECT A SENTENCE and MEMORANDUM OF LAW in support thereof by first-class mail, postage pre-paid to the following persons:

> UNITED STATES DISTRICT COURT
> FOR THE DISTRICT OF MASSACHUSETTS
> WORCESTER DIVISION
> CLERK OF THE COURT
> U.S. COURTHOUSE
> 595 MAIN STREET
> WORCESTER, MA 01608

AND, placed same in the U.S. mails by handing same to an Institution Official for forwarding on January 2, 2003          .

*Robert E. Carey Sr.*

5.

** NOTE

EXHIBIT No. 1 - Page 1/6 SPECIAL VERDICT FORM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| United States of America )<br>)<br>v. )<br>)<br>Chamond Henderson and Robert Carey, )<br>   Defendants ) | Criminal Action<br>No. 99-40004-NMG |

VERDICT FORM

WE, THE JURY, FIND THE DEFENDANTS:

A.   As to COUNT ONE and CHAMOND HENDERSON (Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base)

　　　　　　　_____ Not Guilty　　　✔ Guilty

If you answer Question A "NOT GUILTY", proceed to Question B.
If you answer Question A "GUILTY", proceed to Question A-1.

A-1. Do you find that Chamond Henderson conspired to possess with intent to distribute and to distribute at least fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base?

　　　　　　　_____ No　　　✔ Yes

** NOTE:  This Exhibit is a part of the Document File and Record and is not a new addition to the Record. The Answers are the consensus answers of the Jury as a whole.

B.  As to COUNT <u>ONE</u> and <u>ROBERT CAREY</u> (Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base)

_____ Not Guilty     __✓__ Guilty

**If you answer Question B "NOT GUILTY", proceed to Question C.
If you answer Question B "GUILTY", proceed to Question B-1:**

B-1. Do you find that Robert Carey conspired to possess with intent to distribute and to distribute at least fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base?

__✓__ No     _____ Yes

C.  As to COUNT <u>TWO</u> and <u>CHAMOND HENDERSON</u> (Possession with Intent to Distribute and Distribution of Cocaine Base on or about October 19, 1998)

_____ Not Guilty     __✓__ Guilty

**If you answer Question C "NOT GUILTY", proceed to Question D.
If you answer Question C "GUILTY", proceed to Questions C-1 and C-2:**

C-1. Do you find that Chamond Henderson possessed with intent to distribute and distributed on or about October 19, 1998 at least five (5) grams of a mixture or substance containing a detectable amount of cocaine base?

_____ No     __✓__ Yes

C-2. Do you find that Chamond Henderson committed the crime charged in Count Two within One Thousand (1,000) feet of any real property comprising a public or private elementary, vocational or secondary school?

_____ No     __✓__ Yes

2

**D.   As to COUNT THREE and CHAMOND HENDERSON** (Possession with Intent to Distribute and Distribution of Cocaine Base on or about October 27, 1998 or Aiding and Abetting such Possession)

_____ Not Guilty        ✓ Guilty

**If you answer Question D "NOT GUILTY", proceed to Question E.
If you answer Question D "GUILTY", proceed to Questions D-1 and D-2:**

**D-1.** Do you find that Chamond Henderson possessed with intent to distribute and distributed on or about October 27, 1998 or aided and abetted such possession at least fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base?

_____ No        ✓ Yes

**D-2.** Do you find that Chamond Henderson committed the crime charged in Count Three within One Thousand (1,000) feet of any real property comprising a public or private elementary, vocational or secondary school?

_____ No        ✓ Yes

3

E.  As to COUNT <u>FOUR</u> and <u>CHAMOND HENDERSON</u> (Possession with Intent to Distribute and Distribution of Cocaine Base on or about November 3, 1998 or Aiding and Abetting such Possession)

_____ Not Guilty      __✓__ Guilty

If you answer Question E "NOT GUILTY", proceed to Question F.
If you answer Question E "GUILTY", proceed to Questions E-1 and E-2.

E-1. Do you find that Chamond Henderson possessed with intent to distribute and distributed on or about November 3, 1998 *or aided+abetted such* at least fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base?

_____ No      __✓__ Yes

E-2. Do you find that Chamond Henderson committed the crime charged in Count Four within One Thousand (1,000) feet of any real property comprising a public or private elementary, vocational or secondary school?

_____ No      __✓__ Yes

4

F. **As to COUNT <u>FIVE</u> and <u>CHAMOND HENDERSON</u>** (Possession with Intent to Distribute and Distribution of Cocaine Base on or about November 17, 1998 or Aiding and Abetting such Possession)

\_\_\_\_\_ Not Guilty         \_\_✓\_\_ Guilty

**If you answer Question F "NOT GUILTY", proceed to Question G.
If you answer Question F "GUILTY", proceed to Questions F-1 and F-2:**

**F-1.** Do you find that Chamond Henderson possessed with intent to distribute and distributed on or about November 17, 1998 *added & labelled* at least five (5) grams of a mixture or substance containing a detectable amount of cocaine base?

\_\_\_\_\_ No         \_\_✓\_\_ Yes

**F-2.** Do you find that Chamond Henderson committed the crime charged in Count Five within One Thousand (1,000) feet of any real property comprising a public or private elementary, vocational or secondary school?

\_\_\_\_\_ No         \_\_✓\_\_ Yes

5

G. **As to COUNT FIVE and ROBERT CAREY** (Possession with Intent to Distribute and Distribution of Cocaine Base on or about November 17, 1998 or Aiding and Abetting Such Possession)

_____ Not Guilty        __✓__ Guilty

If you answer Question G "NOT GUILTY", your deliberations are complete.
If you answer Question G "GUILTY", proceed to Questions G-1 and G-2:

G-1. Do you find that Robert Carey possessed with intent to distribute and distributed on or about November 17, 1998 at least five (5) grams of a mixture or substance containing a detectable amount of cocaine base?

_____ No        __✓__ Yes

G-2. Do you find that Robert Carey committed the crime charged in Count Five within One Thousand (1,000) feet of any real property comprising a public or private elementary, vocational or secondary school?

_____ No        __✓__ Yes

Your deliberations are complete.  Please notify the Marshal in writing.

FOREMAN: _____   DATE: _____

6