UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 FEB 10 P 12: 29
U.S. DISTRICT
DISTRICT OF MASS.

ROBERT CAREY         )
                     )
       v.            )    Civil No. 04-40002-NMG
                     )
                     )
UNITED STATES OF AMERICA )

## GOVERNMENT'S OPPOSITION TO PETITION UNDER 28 U.S.C. § 2255 AND REQUEST FOR SUMMARY DISMISSAL

On April 30, 2001, a jury convicted Robert Carey of: (i) conspiring to possess with intent to distribute and to distribute crack cocaine; and, (ii) of distributing or aiding or abetting the distribution of crack cocaine on November 17, 2002. In response to special questions included on the verdict form, the jury concluded that Carey had not conspired to distribute at least 50 grams of cocaine base, but that his distribution offense had involved least five grams of crack cocaine.

Carey was sentenced on September 6, 2001. At sentencing, this Court found that Carey was responsible for 43.38 grams of crack cocaine based on crack cocaine distributed on October 19, 1998 (for which Carey had not been charged in a separate distribution count), and the crack cocaine distributed on November 17, 1998 (for which the jury had convicted him). In reaching these conclusions, the Court considered and rejected arguments made by Carey's trial counsel that the jury verdict precluded the Court from finding Carey responsible for anything other than the crack cocaine distributed on November 17, 1998

under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2001).  <u>See</u> Sentencing Memorandum attached as Exhibit 1.

Carey thereafter appealed both his conviction and the sentence this Court imposed.  With respect to his sentence, he alleged that the jury verdict precluded the Court from holding him responsible for 43 grams of crack cocaine as a matter of due process.  <u>See</u> Carey's brief in the First Circuit at 25-26 (attached as Exhibit 2).

The First Circuit summarily rejected Carey's appeal.  In affirming this Court's sentence, the First Circuit said the following:

> Carey also claims that because he was substantively charged for only one of the four transactions (the distribution of 19.68 grams on November 17), the district court should not have used cocaine quantities from the October 19 transaction in calculating his sentence. He further argues that the jury did not find him guilty of the October 19 transaction. As we have done in the past, we reject this argument. <u>See</u> <u>United States v. Amirault</u>, 224 F.3d 9, 15 (1st Cir.2000) ("From the standpoint of due process, a district court may properly consider uncharged conduct at sentencing as long as that conduct either is admitted or reliably proved by a preponderance of the evidence"); <u>see generally</u> <u>United States v. Batista</u>, 239 F.3d 16, 21-22 (1st Cir.), <u>cert. denied</u>, 534 U.S. 850 (2001) (sentencing guidelines require consideration of uncharged amounts of drugs "by including all amounts that were part of the same course of conduct or common scheme or plan as the offense of the conviction, whether or not the defendant has been charged with those transactions"). As we have already described, Carey was extensively involved in the October 19 transaction. Thus, drug quantities from that transaction were reasonably foreseeable. <u>See</u> <u>Innamorati</u>, 996 F.2d at 491.

2003 WL 329041, *6 (1st Cir. 2003) (attached as Exhibit 3).

Carey now seeks relief under 28 U.S.C. § 2255.  His petition

2

("the Petition") appears to make two claims. The first is the very same claim that he made at sentencing and on appeal--that the jury verdict and Apprendi v. New Jersey, 530 U.S. 466 (2001) somehow precluded this Court from finding Carey responsible for more than 19.68 grams of crack cocaine. His second, related, argument is that his lawyers improperly failed to make this argument in the underlying case and this supposed failure (which again, is simply contradicted by the record) amounts to ineffective assistance of counsel. Because these very arguments **were** raised in the original proceeding and because the decision by Cary's appellate counsel not to cite Apprendi cannot give rise to a 2255 claim, the Petition does not raise a cognizable claim for relief and should therefore be summarily dismissed.

## I. LEGAL STANDARDS

### A. Habeas Review Under 28 U.S.C. § 2255

Section 2255, Title 28, United States Code, provides a means for collateral attack on the sentence under which a federal prisoner is confined. United States v. Haymen, 342 U.S. 205 (1952). The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).

See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 167-68.

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice", or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

### B. Relitigation of issues under 28 U.S.C. § 2255

A fundamental component of collateral review under 28 U.S.C. § 2255 is that it does not permit a convicted person from relitigating issues already been raised at trial or sentencing. A defendant is barred from relitigating issues previously raised in his case. See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993); Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991)(issues resolved by a prior appeal will not be

4

reviewed again by a motion pursuant to 28 U.S.C. 2255 motion). A petitioner cannot escape this bar merely by recasting claims in different nomenclature. Tracy, 739 F.2d at 682.[1] See also Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998)("law of the case" is prudential principle that "precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.").

A criminal defendant is also not entitled to relitigate issues that *could have been raised* on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir.1993) (holding that a party must show cause and prejudice to raise an objection not argued on direct appeal in a § 2255 motion). Hence, even if some portion of Carey's current claims of error was not pressed on direct appeal, he still bears the burden of showing cause and prejudice to avoid summary dismissal.

## C. Ineffective Assistance of Counsel

---

[1] This settled prohibition against the relitigation of issues raised on direct under 2255 may not apply if there is an intervening change of law. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Tracy, 739 F.2d 679, 682 (1st Cir. 1984) "[a]bsent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack."). No claim has been made here that the law has changed since the time of Carey's conviction and sentencing.

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, i.e., whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978). Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." Bosch, 584 F.2d at 1121. See also United States v. Thomann, 609 F.2d 560, 566 (1st Cir. 1979); United States v. Garcia, 698 F.2d 31, 35 (1st Cir. 1983). Moreover, even

6

deficient representation is legally insignificant unless accompanied by actual prejudice. United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice").

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A §2255 petitioner must demonstrate ineffective assistance of counsel, as well as an entitlement to §2255 relief, by a preponderance of the evidence. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

## II. THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER 28 U.S.C. § 2255 AND SHOULD BE SUMMARILY DISMISSED

The First Circuit has explained the circumstances under which summary dismissal of a Section 2255 motion is appropriate:

> Summary dismissal of a §2255 petition is appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief. Rule 4(b) of the Rules Governing §2255 Proceedings. While genuine issues of material fact may not be resolved without a hearing, a hearing is not required where a habeas

7

> motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and the records of the case. . . . The court must take the allegations contained in the petitioner's motion as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact.

Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995) (citations and quotation marks omitted). In making a preliminary assessment of the merits of a Section 2255 motion, the district court is also entitled to rely upon an "'expanded record that may include, "in an appropriate case, even affidavits."'" Id. (citations omitted); see also McGill, 11 F.3d 223 at 225. ("In most situations, motions can be 'heard' effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like."). The burden is ultimately upon the petitioner to establish both the need for an evidentiary hearing, and his entitlement to the relief he seeks. Id. See also David v. United States 134 F.3d 470, 478 (1st Cir. 1998) (even if not conclusively belied by the record, §2255 petitions based on vague, conclusory or incredible claims may be summarily dismissed). Where a petition: "(1) is inadequate on its face; or, (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case," DiCarlo, 575 F.2d at 954, summary dismissal is appropriate. Moreover, "even a section 2255 petition predicated on specific assertions of fact allegedly supported in the record

8

may be dismissed summarily by the district court," <u>Barrett v. United States</u>, 965 F.2d 1184, 1186 (1st Cir. 1992), provided "the district court can ... 'test' the ... allegations by assuming arguendo their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record." Id., <u>quoting</u> <u>Moran v. Hogan</u>, 494 F.2d 1220, 1222 (1st Cir. 1974); <u>see also</u> <u>United States v. Butt</u>, 731 F.2d 75, 77 (1st Cir. 1984).

Application of these principles here demonstrates that Carey's Petition should be summarily dismissed. Carey's first claim--that he could not be held accountable for anything more than drugs distributed on November 17, 1998--was made to both the this Court and the First Circuit and therefore cannot be relitigated here. <u>See</u> discussion at pp. 4-6, <u>below</u>. The Sentencing Memorandum attached as Exhibit 1 and the appellate documents attached as Exhibits 2 and 3 all show that Carey's trial and appellate counsel argued that the jury verdict precluded the Court from holding Carey responsible for 35-50 grams of cocaine base, a/k/a "crack cocaine." <u>See</u> Exhibit 1 at 2-5; Exhibit 3 at 25-26. Having already rased this issue once, he cannot be permitted to reltigate it under the guise of a Section 2255 Petition. <u>See also</u> <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir.1993) (" I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."); <u>United States v. Michaud</u>, 901 F.2d 5, 6 (1st Cir.1990) ("We note

that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review.").

The nature of the arguments raised below thus requires that the Petition be dismissed. However, even if some aspect of Carey's present claims had not already been raised and rejected, Carey can still not establish any prejudice.

As set forth above, Carey's trial counsel raised the claims that the jury verdict and <u>Apprendi</u> somehow restricted the Court from holding Carey responsible at sentencing for more that 19 grams of crack cocaine. <u>See</u> Exhibit 1. Although appellate counsel also argued that the jury verdict precluded the Court from holding Carey responsible for more that 19 grams,[2] she did not specifically cite <u>Apprendi</u> in support of the constitutional claim. <u>See</u> Exhibit 2 at 25-26.

To the extent that this failure makes any part of the Petition cognizable as a matter of law, it still must be dismissed because Carey cannot show that this failure was error or that it caused him any prejudice. The First Circuit has repeatedly stated that stated that <u>Apprendi</u> "does not apply to

---

[2] The First Circuit rejected this argument both as a matter of fact and as a matter of law. <u>See</u> Exhibit 3 at 6 (finding no discrepancy between the jury verdict and the drug quantity findings made at sentencing and rejecting at sentencing the claim that the failure of the government to charge Carey with other transactions precluded the sentencing court for holding him responsible for them).

guideline findings. . . .that increase the defendant's sentence, but do not elevate the sentence to a point beyond the lowest applicable statutory maximum that is subject to fact-finding by a jury according to a reasonable doubt standard." United States v. Caba, 241 F.3d 98, 101 (1st Cir.2001). "[T]heoretical exposure to a higher sentence, unaccompanied by the imposition of a sentence that in fact exceeds the otherwise-applicable statutory maximum, is of no consequence." United States v. Robinson, 241 F.3d 115, 119 (1st Cir.2001). Hence, even though the disputed fact here (drug quantity) influenced the sentence, there can be no Apprendi violation because the sentence that the Court imposed was still below the 20-year default statutory maximum under 21 U.S.C. § 841(b)(1)(C). Robinson, 241 F.3d at 119; United States v. Houle, 237 F.3d 71, 80 (1st Cir.2001). The Petition thus fails as a matter of law.

### III. CONCLUSION

Based on the foregoing, the government respectfully requests that the Petition be summarily denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney
One Courthouse Way
Boston, MA
(617) 748-3207

## CERTIFICATE OF SERVICE

I, JOHN A WORTMANN, JR., Assistant U.S. Attorney, do hereby certify that I have this 8th day of February, 2004, served the copy of the foregoing by mail to Robert Carey, pro se, No. 80161-038, FMC Devens, PO Box 879, Ayer, MA 01432.

_____  2.8.04
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney