IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT CAREY, | I | |
| Petitioner Pro Se | I | |
| | I | |
| v. | I | Civil Case No. 04-40002-NMG |
| UNITED STATES OF AMERICA, | I | Crim. Case No. 99-40004-NMG |
| Respodent | I | |
| | I | |
| ooOOIOOoo | | |

MOVANT AND DEFENDANT'S TRAVERSE TO GOVERNMENT OPPOSITION
TO MOTION MADE PURSUANT TO 28 U.S.C. § 2255

COMES NOW the Movant and Defendant Robert Carey, Pro Se, in the above titled motion made pursuant to 28 U.S.C. § 2255, and Submits his Traverse to the Government'S Opposition to his Motion and States as follows:

I.  THE MOVANT HAS NOT "RELITIGATED" MATTERS THAT
    HAVE ALREADY BEEN DECIDED UPON HIS DIRECT APPEAL

The Respondent's attorneys argue that the issues raised by this Movant have already been litigated on his direct appeal. Such characterization is not supportable. The Movant herein raises a Fifth Amendment Constitutional violation as to "Due Process" in his Sentencing. The Jury specifically found by their Special Verdict Forms that Movant was not responsible for a "conspiracy described herein [Count One] involved 50 grams or more *.* * of cocaine base ...". Yet, Movant is convicted upon

precisely that Count One in direct contradiction of the Jury's findings. Conviction upon Count One must be vacated as inconsistent with the Jury's Decision.

To the extent that the Sentencing Counsel and the Appellate Counsel did not raise the previous argument, the Movant was prejudiced by "Ineffective Assistance of Counsel" under his Sixth AmedNment Constitutional Rights. This argument was not raised on Movant's direct appeal, nor could it reasonably have been so raised, since the very attorney(s) who have been termed "ineffective" were doing that appeal. The Movant is not raising an argument that has been considered and disposed of by the court of appeals.

> II. APPRENDI WAS VIOLATED IN THE SENTENCING OF MOVANT ON COUNT 5, AND THE CASE WAS NOT RAISED EITHER BY COUNSEL AT SENTENCING NOR COUNSEL ON APPEAL TO ARGUE AGAINST THE SENTENCE BASED UPON 43.38 GRAMS OF COCAINE BASE WHEN HE WAS INDICTED UPON AND THE JURY CONVICTED HIM UPON ONLY "AT LEAST 5 GRAMS OF A MIXTURE *␣ *␣*␣ OF COCAINE BASE".

The Movant was convicted by the Jury in a Special Verdict Form only of "at least 5 grams of a mixture or substaance ocntaining a detectable amount of cocaine base. This would produce a U.S.S.G. Offense Level of 26 and not the Lavel of 30 that Movant was Sentenced upon based upon only Judicial finding. Such finding directly violates the Supreme Court's Holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) as such ought be applied through its Holding in <u>United States v. R.L.C.</u>, 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992).

Apprendi addresses facts which increase "maximum" statutory sentences. However, even a sentence within a statutory maximum may still be greater than that authorized by the Jury's findings in contradiction to the Respondent's attorneys argument on pages 10-11 of their Opposition.

> "[A]uthorized" . . . refer[s] to the result of applying all statutes with a required bearing on the sentencing decision, including not only those that empower the court to sentence but those that limit the legitimacy of the exercise of that power [.]

R.L.C., 403 U.S. at 298.

In R.L.C. the Supreme Court held that a legitimate sentence is limited to that "authorized after application of the statute mandating use of the Guidelines."

> "'[A]uthorized' ... refer[s] to the maximum period of imprisonment that may be imposed consistently with 18 U.S.C. § 3553(b). That statute provides that 'the court shall impose a sentence . . . within the range' established for the category of offense as set forth in the Guidelines, 'unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' § 3553(b)."

R.L.C., 503 U.S. at 304. See also, 503 U.S. at 305 n.5 ("[A] a statute is a statute, whatever its label.") [Emphasis added[.

3.

The determination of statutory penalty limits is merely the first step toward imposing a sentence authorized both by law and by the Jury's verdict, by determining the "offense of conviction."

The baseline for a sentence is determined by the offense of conviction. For purposes of this argument, Movant bases his calculations on "at least 5 grams but less than 20 grams of cocaine base". The sentencing guidelines authorize enhancements and adjustments to the baseline sentence, but a sentence cannot be "enhanced" or "increased" until <u>after</u> a baseline has been determined. The nature of the covnicted conduct determines the Guideline section which describes the baseline level for the offense of conviction. Only then may the court calculate a defnedant's Guideline sentence. See, U.S.S.G. §§1B1.2(a) and (b). Under both <u>Apprendi, Id.</u> and <u>R.L.C.</u>, <u>Id.</u>, Movant's Sentence is limited not only to the statutory maximum, but is also capped within that statutory maximum by the Guideline applicable to the offense of conviction. In other words, both are applicable and must be applied if <u>Apprendi</u> and <u>R.L.C.</u> are to have any meaning as to <u>stare decisis</u> of their Holdings.

The Guideline section in Chapter Two (Offense Conduct) that is applicable to the <u>indicted upon quantity</u> is 2D1.1(c)(7) -- Level 26 --which is "At least 5 G but less than 20 G of Cocaine Base." (The Indictment Count 5 alleged that the offense "involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base...", but did not allege exactly how <u>much more</u>. Therefore the default value under <u>Apprendi</u> and <u>R.L.C.</u> <u>must</u> set at that value rather than the 43.38 grams that Movant was

4.

Sentenced upon. The correct baseline range for Movant's offense of conviction, therefore, was at Level 26, Criminal History II, or a Sentencing Range of "70 - 87" months rather than the 108 months which he received as a Sentence.

The district court improperly determined the baseline for this Movant's offense of conviction.

> "While, even after Apprendi, a sentencing court may make certain factual determinations as it calculates the sentence under the Guidelines, a defendant cannot be convicted of one crime yet sentneced under the Guidelines as though he or she were convicted of some other crime."

United States v. McCulligan, 2001 U.S.App. LEXIS 15399, *24-*25 (3rd Cir. 2001)(defendant convicted of simple assault but erroneously sentenced for non-simple assault)(citation omitted).

The district court's method of attributing responsibility for drug types and quantities violated Movant's rights to "Due Process" under the Fifth Amendment. Basing Movant's Baseline Offense Level, not on findings "beyond a reasonable doubt" but instead on relevant conduct which "enhances" or "increases" a sentence under the Guidelines, increased Movant's Base Offense Level from Level 26 to Level 30 - an increase of 4 Levels.

### III. CONCLUSION

Movant and Defendant's Sentence should be vacated and set aside and corrected to the Sentencing Range of from 70 - 87 months from his current Sentence of imprisonment of 108 months.

5.

Respectfully submitted,

*Mr. Robert Carey*

Robert Carey, Movant & Defendant Pro Se
Federal Registry No. 80161-038
Housing Unit J-A
Federal Medical Center Devens
P. O. Box 879
Ayer, MA  01432

CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that I have mailed an original and or copy(s) of the attached MOVANT AND DEFENDANT'S TRAVERSE TO GOVERNMENT OPPOSITION TO MOTION MADE PURSUANT TO 28 U.S.C. § 2255 by first-class mail, postage pre-paid to the following:

UNITED STATES DISTRICT COURT    &    OFFICE OF THE U.S. ATTORNEY
FOR THE DISTRICT OF                           UNITED STATES COURTHOUSE,
MASSACHUSETTS                                    SUITE 9200
CLERK OF THE COURT                           ONE COURTHOUSE WAY
UNITED STATES COURTHOUSE              BOSTON, MA  02210
ONE COURTHOUSE WAY
BOSTON, MA  02210

AND, placed same in the U.S. mails by handing same to an Institution Official for forwarding on  February 26, 2004.

*Mr. Robert Carey*

6.