United States District Court
District of Massachusetts

```
                                    )
ROBERT CAREY,                       )
                                    )
        Petitioner,                 )
                                    )   Civil Action No.
        v.                          )   04-40002-NMG
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Petitioner Robert Carey ("Carey"), proceeding pro se, brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that 1) the sentence imposed by this Court contravened the jury verdict, the evidence presented at his trial and the charges for which he was indicted and 2) his trial and appellate counsel were ineffective in failing to raise Apprendi challenges to that sentence.

Petitioner was convicted after a jury trial on April 30, 2001, of 1) conspiring to possess with intent to distribute and to distribute crack cocaine and 2) distributing or aiding and abetting the distribution of crack cocaine on November 17, 1998. In response to questions on a special verdict form, the jury concluded that Carey had not conspired to distribute at least 50

grams of cocaine base but that his distribution offense had involved at least five grams of crack cocaine.

This Court sentenced petitioner on September 6, 2001, at which time it found Carey responsible for 43.38 grams of crack cocaine on the basis of distributions of crack cocaine on October 19, 1998 (for which Carey had not been charged in a separate distribution count) and November 17, 1998 (for which the jury had convicted him). The Court considered and rejected the contentions of Carey's counsel that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2001), the jury verdict precluded the Court from finding the defendant responsible for anything other than the crack cocaine distributed on November 17, 1998.

On appeal, the First Circuit Court of Appeals affirmed Carey's conviction and sentence. With respect to the sentencing challenge, the appellate court reiterated its previously established position that a sentencing judge could "properly consider uncharged conduct as long as that conduct either is admitted or reliably proved by a preponderance of the evidence". United States v. Carey, 2003 WL 329041, at *7 (1st Cir. Feb. 14, 2003) (quoting United States v. Amirault, 224 F.3d 9, 15 (1st Cir. 2000). The validity of that rule persists in the First Circuit. See, e.g., United States v. Yeje-Cabrera, 430 F.3d 1, 23 (1st Cir. 2005) ("The district court post-Booker may determine drug quantity for purposes of sentence enhancements under the

Guidelines. ... The district court [is] not 'constrained' by the jury's verdict [as to drug quantity]. Instead, it could (and should) have found [the defendant] responsible for the amount of [drugs] established by a preponderance of the evidence against him - though of course, the ultimate sentence may not exceed the statutory maximum ...").

The grounds upon which Carey presently seeks relief are meritless. First, defendants may not obtain relief under § 2255 on the basis of issues that have already been litigated. See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)). In this case, petitioner's Apprendi challenge was raised, and rejected, both at the time of sentencing and on appeal.

Second, petitioner's claim of ineffective assistance of counsel is unsustainable. To demonstrate constitutionally defective assistance, Carey must demonstrate that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense". Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, the record clearly establishes that both trial and appellate counsel of Carey raised the Apprendi issues upon which he mistakenly believes the relief he presently seeks is warranted.

## ORDER

In accordance with the foregoing memorandum, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 26, 2006